89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leander McKEE, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-2166.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1996.
 
 Before: MERRITT, Chief Judge; KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Leander McKee, proceeding pro se, appeals a district court judgment granting the defendant's motion for summary judgment and affirming the Secretary's denial of his application for social security disability insurance benefits (DIB). 42 U.S.C. § 405(g). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff filed an application for DIB on November 3, 1992. McKee alleged that, since 1991, he has been unable to work because of continuous low back pain radiating down his right leg. After a hearing was held, the administrative law judge (ALJ) concluded that McKee was unable to perform his past relevant work, but that, based on McKee's residual functional capacity, age, education and work experience, the claimant could still perform a significant number of jobs in the national economy. Accordingly, the ALJ denied McKee's application for benefits. The Appeals Council denied McKee's request for review of this decision.
 
 
 3
 McKee filed his complaint in federal district court on March 13, 1995. A magistrate judge reviewed all of the relevant medical evidence and recommended affirming the Secretary's decision to deny benefits. The district court then adopted the magistrate judge's report and recommendation.
 
 
 4
 On appeal, McKee argues that the ALJ failed to afford the proper weight to Dr. Johnson's opinion, as one of the claimant's treating physicians. He also challenges the ALJ's finding that he was not disabled by his pain. The claimant has submitted to this court certain medical documentation that he believes supports a remand under Sentence 6 of 42 U.S.C. § 405(j).
 
 
 5
 This court concludes that there is substantial evidence to support the Secretary's decision to deny McKee benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). There is no merit to McKee's argument that the ALJ did not afford the proper weight to Dr. Johnson's opinion. The ALJ thoroughly considered each medical report contained in the record and did not "reject" Dr. Johnson's progress notes, but weighed them along with the other medical opinions. The ALJ noted all of the normal nerve conduction studies and absence of neuropathy in the claimant.
 
 
 6
 The ALJ properly weighed Dr. Johnson's opinion along with the other medical reports and objective tests. See Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 683 (6th Cir.1992) (this court must examine the evidence in the record "taken as a whole," quoting Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980)). The Secretary is not bound by the opinion of the treating doctor who indicates that the claimant is totally disabled, where there is substantive evidence to the contrary. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (per curiam). The ultimate determination of disability rests with the Secretary, and not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984).
 
 
 7
 Substantial evidence also supports the ALJ's conclusion that McKee was not disabled due to pain. The ALJ adequately discussed the factors to be considered in determining whether McKee's pain was disabling, as set forth in Social Security Ruling 88-13. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Any credibility determinations regarding McKee's subjective complaints rested with the ALJ. Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam).
 
 
 8
 McKee requests this court to remand this case, based on six medical documents submitted to this court on appeal. However, remand is not necessary, because McKee has not shown good cause for not previously presenting this evidence to the Secretary. Faucher v. Secretary of Health and Human Servs., 17 F.3d 171, 174 (6th Cir.1994). Moreover, McKee has not demonstrated a reasonable probability that the ALJ would have reached a different disposition if the evidence he now presents had been presented during the course of the hearing proceedings. Sizemore v. Secretary of Health and Human Servs., 865 F.2d 709, 711 (6th Cir.1988) (per curiam).
 
 
 9
 Accordingly, McKee's request for remand is denied, and the district court's order affirming the Secretary's denial of benefits is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.