91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beth CHILDREY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-1353.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; ALDRICH, District Judge.*
 AMENDED PER CURIAM.
 
 
 1
 The claimant, Beth Childrey, appeals the district court judgment affirming the decision of the Commissioner of Social Security ("the Commissioner") denying her application for social security disability insurance benefits. For the reasons that follow, we REVERSE and REMAND for further proceedings.
 
 I.
 
 2
 Childrey applied for disability insurance benefits in April 1992, alleging disability since May 1990 due to substance abuse. The application was denied upon initial review and reconsideration. At her request, an administrative hearing was held on September 17, 1993. Childrey testified that she began using drugs shortly after being beaten and gang-raped at age eighteen. Despite her substance abuse, she has worked fairly steadily for twenty years, performing clerical and secretarial work. Most recently she worked as an executive secretary, until May 30, 1990, when she quit after a fight with her supervisor concerning a co-worker. Childrey claimed that she stopped working because she "just can't take the stress. I can't take dealing with people." Childrey was forty-two years old at the time of the hearing.
 
 
 3
 The administrative law judge found that claimant's impairment, heroin abuse, was not "severe" within the meaning of the guidelines, and that claimant was therefore not under a disability as defined in the Social Security Act. This decision became final after the Appeals Council denied Childrey's request for review.
 
 
 4
 Childrey sought judicial review. The district court upheld the administrative law judge's findings that plaintiff's testimony was not credible as it related to her claim that she was work-impaired; that the vocational expert's testimony was prefaced by the condition that his conclusions only applied if the plaintiff's testimony was believed; and, additionally, that Dr. Schorer, associated with Michigan's Disability Determination Service, made no finding that plaintiff could not work, but only that plaintiff's prognosis was poor. It therefore granted the Commissioner's motion for summary judgment.
 
 II.
 
 5
 We agree with Childrey's contention that the Commissioner erred in refusing to consider her impairments beyond the de minimis severity standard of 20 C.F.R. § 404.1520(c).[1] Section 404.1520(c) requires a claimant to prove that the impairment is severe and that it significantly limits her ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521. An impairment can be considered nonsevere only if the impairment would not affect the plaintiff's ability to work regardless of her age, education, and work experience. Salmi v. Secretary of Health & Human Servs., 774 F.2d 685, 687 (6th Cir.1985).
 
 
 6
 This court views the step two severity regulation codified at 20 C.F.R. §§ 404.1520(c) and 404.1521 "as a de minimis hurdle in the disability determination process." Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988) (per curiam) (citing Murphy v. Secretary of Health & Human Servs., 801 F.2d 182, 185 (6th Cir.1986) (per curiam)); Salmi, 774 F.2d at 691-92; Farris v. Secretary of Health & Human Servs., 773 F.2d 85, 89-90 (6th Cir.1985). Cf. Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987) (recognizing that severity requirement permits Secretary to identify efficiently claimants whose impairments are so slight that there is little likelihood of disability finding; following Farris, supra ). It is to be used as "an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." Higgs, 880 F.2d at 863 (quoting Farris, 773 F.2d at 90 [sic] n. 1).
 
 
 7
 Claimant met that burden. Calvin E. Schorer, the Secretary's consulting physician, examined Childrey and diagnosed her as suffering from a clinical disorder (Axis I), mixed drug dependence and abuse, and a personality disorder (Axis II), antisocial personality. His global assessment of functioning (Axis V) was that claimant "is not yet able to really care for herself alone." (Tr. 182.) The reports of Drs. Howard Friedman and Saul Forman provide further corroboration. (Tr. 120-21, 133.) Claimant's testimony was consistent with Dr. Schorer's diagnoses. Finally, the vocational expert, Michael Rosko, opined that, based on claimant's testimony and Dr. Schorer's Axis V diagnosis, it was "doubtful" that she could perform her past work. (Tr. 64.) The foregoing evidence clearly meets the de minimis standard imposed at step two of the sequential analysis.
 
 
 8
 Given the absence of any medical evidence to the contrary, we must conclude that there is not substantial evidence in the record at this point to support the Commissioner's decision. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971). See Salmi, 774 F.2d at 692-93 (holding that substantial evidence did not support ALJ's conclusion of a nonsevere impairment where abundance of evidence demonstrated that claimant's mental retardation affected her ability to work); Farris, 773 F.2d at 90 (holding that ALJ's decision that claimant did not have severe impairment was unsupported by substantial evidence in light of fact that claimant's treating psychologist and psychiatrist both stated unequivocally that she couldn't perform basic work activities when her symptoms were present). Cf. Higgs, 880 F.2d at 863 (holding that appeal presented exceptional groundless situation where there was nothing in objective medical evidence credibly suggesting that claimant was in any way affected by any of her alleged impairments); Landsaw v. Secretary of Health & Human Servs., 803 F.2d 211, 213 (6th Cir.1986) (affirming administrative law judge's termination at step two of the sequential evaluation where applicant failed to provide any clinical data to support claim of heart trouble and Secretary provided clinical data supporting conclusion that applicant did not have severe heart trouble); Williamson v. Secretary of Health & Human Servs., 796 F.2d 146, 147-50 (6th Cir.1986) (upholding Secretary's finding of no severe impairment as supported by substantial evidence where claimant's own treating physician stated there were no serious health problems and IQ examiner found that claimant's score did not reflect his real status).
 
 
 9
 Claimant also argues that she is entitled to benefits because her impairment meets or equals the A and B requirements for Affective Disorders, 20 C.F.R. § 404, Subpart P, Appendix 1, 12.04. However, nothing in Dr. Schorer's mental evaluation report suggests that plaintiff meets the criteria of any impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. Nor do the earlier medical records provide a sufficient basis upon which to determine that claimant's condition meets listing severity. Award of benefits at this juncture is thus premature. See Faucher v. Secretary of Health & Human Servs., 17 F.3d 171, 176 (6th Cir.1994) (holding that court can reverse Commissioner's decision and immediately award benefits only if all factual issues have been resolved and record establishes plaintiff's entitlement to benefits).[2]
 
 III.
 
 10
 Accordingly, we REVERSE the district court's judgment and REMAND the case to the district court with instructions to remand this case to the Commissioner for completion of the sequential evaluation process.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Childrey claims that the district court erred in granting summary judgment for the Commissioner because, in the Commissioner's response to claimant's objections to the magistrate's report and recommendation, the only relief requested was a remand. This contention is without merit. In conducting a de novo review, the district court is not constrained by the parties' objections. "[W]hile the [Federal Magistrate's Act] does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." Thomas v. Arn, 474 U.S. 140, 154 (1985) (district judge made de novo determination despite absence of objection by petitioner to magistrate judge's findings)
 
 
 [2]
 On March 29, 1996, section 223(d)(2) of the Social Security Act was amended to provide that "An individual shall not be considered to be disabled for the purposes of this title if alcoholism or drug addiction would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Pub.Law No. 104-126 § 105. At oral argument, the Commissioner acknowledged that she had not yet formulated a policy on the applicability of the recent amendments on pending cases, including this one