108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon MAYNARD, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-6119.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1997.
 
 E.D.Ky., No. 95-00312; G. Wix Unthank, Judge.
 E.D.Ky.
 AFFIRMED.
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Vernon Maynard, through counsel, appeals a district court judgment affirming the Commissioner's denial of his application for social security disability benefits (DIB). 42 U.S.C. § 405(g). The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Maynard filed an application for DIB on July 22, 1993. Maynard alleged that he has been unable to work since November 24, 1992, because of an accident that occurred while he was driving a rock truck at work. After a hearing was held, an administrative law judge (ALJ) found that Maynard had a severe impairment, but that he retained the residual functional capacity to perform a wide range of sedentary work. The Appeals Council denied Maynard's request for review of this decision.
 
 
 3
 Maynard then filed a timely complaint in federal district court. The district court thoroughly reviewed the medical evidence and determined that substantial evidence supported the ALJ's decision to deny benefits. On appeal, Maynard raises two questions for review: 1) whether the ALJ erred in rejecting Maynard's testimony regarding his pain and limitations; and 2) whether the district court erred when it refused to remand the case for consideration of additional medical evidence.
 
 
 4
 This court concludes that the Commissioner's decision is supported by substantial evidence. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). There is no merit to Maynard's argument that the ALJ erroneously found he was not disabled due to his pain. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam).
 
 
 5
 The ALJ adequately addressed the relevant factors set forth in the applicable regulations and rulings before concluding that Maynard's condition was not of such severity that it had produced disabling pain. See 20 C.F.R. § 404.1529(c) and (d); § 416.929(c) and (d); Social Security Ruling 96-7p (1996); Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Because the ALJ's conclusion is supported by substantial evidence, this court will not try the case de novo nor decide questions of credibility. Therefore, the ALJ's conclusion on this issue will be affirmed. Gooch v. Secretary of Health & Human Serv., 833 F.2d 589, 592 (6th Cir.1987), cert. denied, 484 U.S. 1075 (1988).
 
 
 6
 As a result of the ALJ's conclusion that Maynard was not disabled due to his pain, the ALJ's hypothetical to the vocational expert at the hearing constituted substantial evidence to support the Commissioner's finding that Maynard could still perform sedentary work, because the hypothetical accurately portrayed Maynard's physical impairments. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987); Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 7
 The district court also properly determined that the case should not be remanded for consideration of additional evidence. Maynard did not meet the requisite burdens of showing "good cause" for failing to present the evidence earlier, or that the ALJ would have reached a different disposition had the "new" evidence been presented during the course of the hearing proceedings. Faucher v. Secretary of Health and Human Servs., 17 F.3d 171, 174 (6th Cir.1994); Sizemore v. Secretary of Health and Human Servs., 865 F.2d 709, 711 (6th Cir.1988) (per curiam).
 
 
 8
 Accordingly, the district court's order affirming the ALJ's denial of benefits is affirmed.