**Christine D. FRAZER, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. 00–10287–BC.**

United States District Court, E.D. Michigan, Northern Division.

July 15, 2003.

Lewis M. Seward, Seward, Tally, Bay City, MI, for plaintiff.

Sheila H. Gaskell, United States Attorney's Office, Detroit, MI, for defendant.

***OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION TO REMAND FOR FURTHER PROCEEDINGS, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING THE MATTER TO THE COMMISSIONER***

LAWSON, District Judge.

The plaintiff filed the present action on August 7, 2000 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion to remand to the agency for further proceedings. The defendant filed a motion for summary judgment requesting that the decision of the Commissioner be affirmed, to which plaintiff responded. Magistrate Judge Binder filed a Report and Recommendation on May 4, 2001 recommending that plaintiff's motion to remand for further proceedings be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, to which defendant responded, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation and the objections, and the response thereto, and has made a *de novo* of the administrative record in light of the parties' submissions. The plaintiff's original prayer for relief was for a remand to the agency for consideration of what plaintiff characterized as

"conflicting medical evidence." In her objections, the plaintiff now points out that the plaintiff has been found to be disabled based upon a subsequently-filed application for benefits.

The plaintiff filed her original claim on December 21, 1998 alleging that she became unable to work on July 15, 1998 as a result of chest pain associated with heart disease. Her application was initially denied, and the denial was upheld on reconsideration. The plaintiff proceeded to present her case to Administrative Law Judge (ALJ) Robert D. Stalker on March 21, 2000. ALJ Stalker found that the plaintiff was not disabled in a written decision filed on March 30, 2000. In her objections, the plaintiff states that she was subsequently determined to be disabled on the day following ALJ Stalker's decision, although she did not learn of this until January 11, 2001, eleven days after she filed her motion to remand in the present action.

In finding that the plaintiff was not disabled, ALJ Stalker applied the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since July 15, 1998 (step one); the plaintiff had "severe" impairments consisting of coronary artery disease, chronic obstructive pulmonary disease, major depression and sleep apnea, although he found that impairments based on scoliosis and a fractured tibia were not "severe" (step two); none of these impairments by themselves or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform her previous work as a hospital clerk, which the ALJ found to be semi-skilled and to require light exertional effort (step four). In applying the fifth step, the ALJ concluded that the plaintiff retained the residual functional capacity to perform a limited range of sedentary work and that jobs fitting within these limitations existed in significant numbers in the local and regional economies. The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). *See also Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir.1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir.1989). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (internal quotes and citations omitted). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or

even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id.* at 388 (internal quotes and citations omitted). *See also Laskowski v. Apfel,* 100 F.Supp.2d 474, 482 (E.D.Mich.2000).

In this case, the ALJ appears to have struggled somewhat with the evidence of the plaintiff's coronary condition. ALJ Stalker found that the plaintiff suffered from coronary artery disease, but the medical records uniformly contradict this conclusion. In fact, the plaintiff's cardiac catheterization, which is the gold standard for determining obstructive coronary artery disease, was normal. However, Dr. Robert J. Stomel of Botsford General Hospital found that the plaintiff did suffer from "syndrome X," which is both a physiological and morphological diagnosis. Dr. Stomel stated that the plaintiff exhibited elevated left ventricular end diastolic pressures, and that she had a short left anterior descending coronary artery. He also noted that this condition could account for the plaintiff's recurrent chest pain, and that the condition was exacerbated by stress.

This finding is significant in conjunction with the plaintiff's diagnosis of major depression, which the ALJ seems to dismiss because it was a "very recent diagnosis." Tr. at 21. Of course, when evaluating a claim of disability based on mental impairment, such as depression, the Commissioner is required to utilize a standard Psychiatric Review Technique Form, which must be completed by a medical consultant when initially reviewing an application and on reconsideration. The form is completed at the administrative hearing level by a medical consultant or the ALJ based on medical information in the record. The standard form, completed by the ALJ, was made part of the record pursuant to the statutory obligation established in 42 U.S.C. § 421(h), which is intended to ensure that a qualified mental health professional evaluates a mental impairment and any applicable residual functional capacity before a determination of disability is made. In addition, pursuant to the statute, the Commissioner has made rules for evaluating mental impairments. *See* 20 C.F.R. § 404.1520a. According to the prescribed procedure, the Commissioner first determines whether there is a medically determinable mental disorder specified in one of eight diagnostic categories. *See* 20 C.F.R. § 404.1520a; 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A. The clinical findings are referred to as the "A" criteria. Thereafter, the Commissioner measures the severity of a mental disorder in terms of functional restrictions, known as the "B" criteria.

According to 20 C.F.R. § 404.1520a(c)(3), the "B" criteria require an evaluation in four areas with a relative rating for each area. Thus, the Commissioner must evaluate activities of daily living and social functioning and rate those on a five-point scale ranging through none, slight, moderate, marked and extreme. A third area—concentration, persistence, or pace—is rated on a five-point scale ranging through never, seldom, often, frequent, and constant. The fourth area—deterioration or decompensation in work or work-like settings—calls for a rating of never, once or twice, repeated (3 or more), and continual. A claimant must be found to have conditions listed in the last two points of each of the scales in at least two of the "B" criteria in order to establish a limitation which "is incompatible with the ability to do any gainful activity." 20 C.F.R. § 404.1520a(c)(4). If the impairment is not disabling, but has been found to be "severe," the ALJ must perform a residual functional capacity assessment to determine whether the claimant is able to per-

form some jobs in spite of the mental limitations.

When reviewing the "B" criteria, the ALJ found that there was no evidence of deterioration or decompensation, and that the plaintiff was able to perform her activities of daily living; there does not appear to be much dispute that evidence in the record supports these conclusions. However, the ALJ also found that the plaintiff "often" had deficiencies of concentration, persistence or pace. He concluded that she had only "slight" difficulty in maintaining social functioning based upon his finding that the plaintiff had recently married. This latter conclusion was clearly erroneous since the plaintiff had been divorced for over twenty years and never remarried. Tr. at 207, 255.

In her objections, the plaintiff claimed that the case ought to be remanded to the Commissioner under both sentence four and sentence six of 42 U.S.C. § 405(g). In *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171 (6th Cir.1994), the district court found that the Commissioner's decision was not supported by substantial evidence because the hypothetical question posed by the ALJ to a vocational expert did not incorporate all of the claimant's impairments. The district court also concluded that it was unable to remand for taking new and additional evidence because of the limitation contained in sentence six of 42 U.S.C. § 405(g), which conditions a remand on a showing of good cause. Rather, the district court remanded for an award of benefits. On appeal, the Court of Appeals agreed that sentence six of Section 405(g) requires the Secretary to establish good cause as a prerequisite to a remand. However, a post-judgment remand for further proceedings is authorized under sentence four of Section 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 101–02, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

The Court of Appeals in *Faucher* agreed that the Commissioner's decision was not supported by substantial evidence, but concluded that a remand for benefits was inappropriate in that case. The Court reasoned that the record was incomplete because the correct hypothetical question was never posed to the vocational expert. The witness was never given an opportunity to respond to a question that incorporated not only plaintiff's physical impairments but also the severity of his emotional impairments, and the record contained conflicting evidence on the severity of plaintiff's emotional impairments. The Court observed that the district court had acknowledged that "it was not known whether plaintiff might be capable of performing a significant number of jobs in the national economy that would accommodate his combined limitations." *Faucher*, 17 F.3d at 176. The Court concluded, therefore, that "the case must be remanded to the ALJ for further consideration of this issue." *Id.*

In this case, the Court finds that the ALJ did not adequately account for the plaintiff's mental impairment in assessing her residual functional capacity, especially the impact that her major depression and additional stress might have on her chest pains that could be of coronary origin. Moreover, the ALJ did not have the opportunity to consider the finding of disability that was made one day after he filed his decision in this case. Of course, that information could not have been presented to the ALJ because of the timing of its issuance, and the plaintiff has therefore demonstrated cause for not including that information in the administrative record. The Court believes, therefore, that the plaintiff has established an appropriate case for a remand under both sentence four and sentence six of Section 405(g). *See Howard v. Commissioner of Social Security*, 276 F.3d 235, 243 (6th Cir.2002).

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **REJECTED.**

It is further **ORDERED** that the plaintiff's motion to remand [dkt # 14] is **GRANTED.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 17] is **DENIED.** The findings of the Commissioner are **REVERSED,** and the matter is **REMANDED** to the Social Security Commission for reconsideration of plaintiff's application for benefits.