Yvonne A. VANSICKLE, o/b/o David W. Van Sickle, Jr., a minor, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 00–10311–BC.

United States District Court, E.D. Michigan, Northern Division.

July 18, 2003.

Lewis M. Seward, Seward, Tally, Bay City, MI, for plaintiff.

Francis L. Zebot, Detroit, MI, for defendant.

### OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION TO REVERSE AND REMAND TO AGENCY FOR FURTHER PROCEEDINGS, AND REMANDING FOR AN AWARD OF BENEFITS

LAWSON, District Judge.

The plaintiff filed the present action on August 24, 2000 seeking review of the Commissioner's decision denying the plaintiff's claim for supplemental security income for the minor plaintiff under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment seeking reversal of the Administrative Law Judge's decision and payment of benefits. The defendant filed a motion to reverse the Commissioner's decision and remand for further proceedings, to which plaintiff responded.

Magistrate Judge Binder filed a Report and Recommendation on May 21, 2001 recommending that plaintiff's motion

for summary judgment be denied, defendant's motion to reverse and remand to agency for further proceedings be denied, and the findings of the Commissioner be affirmed. Title 28, Section 636(b)(1)(B) of the United States Code requires a party to file "objections" to a magistrate judge's recommendation within ten days of the report's mailing date. The plaintiff in this case filed a pleading entitled "Reply to Magistrate's Report and Recommendation," within the ten-day period. Although the document so identified does not comply with the literal requirement of the statute, a review of the text of the pleading reveals that the plaintiff criticizes the Magistrate Judge's decision and seeks review of it, and the Court therefore will construe the filing as "objections" despite the fact that it is mislabeled. Accordingly, this matter is now before the Court for a *de novo* review.

The Court has reviewed the file, the Report and Recommendation, and the plaintiff's objections, and has made a *de novo* review of the administrative record in light of the parties' submissions. The plaintiff's objections focus on the Magistrate Judge's allegedly improper assessment of the evidence of the minor plaintiff's social functioning and concentration, persistence, or pace, when evaluating his mental impairment and the functional equivalency to a listed impairment. The plaintiff agrees with the Magistrate Judge that the administrative record presents a complete picture of the minor plaintiff's circumstances and condition, and that no remand for further fact finding is necessary. However, the plaintiff insists that the matter ought to be remanded for an award of benefits.

As explained by the Magistrate Judge, the plaintiff's mother filed the present claim on May 23, 1996 requesting supplemental security income benefits on behalf of her minor son. He has been diagnosed with attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder, conduct disorder, and parent/child interaction relationship disorders. The plaintiff claimed that the disability had continued since the minor plaintiff, David, Jr., had been in kindergarten. He was thirteen years old when the claim was filed, and when he was fifteen years old, the plaintiff appeared before Administrative Law Judge (ALJ) John A. Ransom on September 28, 1998. ALJ Ransom denied the claim in a written decision filed January 14, 1999.

The Magistrate Judge has ably set forth the applicable law and issues presented by the Administrative Law Judge's findings. To summarize, current legislation requires that, in order to establish a right to benefits, a child must prove that he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). Analysis of a child's claim of disability requires three sequential steps: first, a child will be found not disabled if he or she is engaging in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, if a child does not have an impairment or combination of impairments that is severe, the child will be found not disabled. 20 C.F.R. § 416.924(c). Third, a child will be found to be disabled if he or she has an impairment or combination of impairments that meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B. *See* 20 C.F.R. § 416.924(d).

If an impairment does not "meet" a listed impairment, disability may nonetheless be established if the child's impairment is medically or functionally equivalent to a listed impairment. Medical equivalency is covered by 20 C.F.R. § 416.926; functional equivalency is covered by Section 416.926a. The plaintiff in

this case does not contend that he can establish medical equivalence. Rather, plaintiff's claim is that David, Jr.'s disability is functionally equivalent to a listed disability. Functional limitations formerly could be detected under four different methods, ranging from focusing on specific functions, conditions or episodes, to broad areas of development. However, revised rules that went into effect on January 2, 2001 limit the methodology to a single technique: assessment of five broad areas of functioning (with six areas for younger children). The plaintiff here does not allege a limitation of a specific function, but rather contends that the record establishes a disability in broad areas of development or functioning under 20 C.F.R. § 416.926a(b) (2000). To establish functional equivalence, there must be "marked" limitation in at least two of the five areas of development, or "extreme" impairment on one of the areas. 20 C.F.R. § 416.926a(d).

The ALJ proceeded through the three-step analysis prescribed by the Regulations, finally concluding that the plaintiff's severe impairments consisting of dysthymia, oppositional defiant disorder, and learning impairment did not meet a listing in the Regulations, and was not functionally equivalent to one either. For a child the age of the minor plaintiff in this case, the five broad areas of development considered by the ALJ are: cognition and communication functioning; motor functioning social functioning; personal functioning; and concentration, persistence, or pace. *See* 20 C.F.R. § 416.926a(c)(4) (2000). More recently, the Secretary has enacted rules that modify these criteria, and functional equivalence is evaluated against six "domains" described as acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. *See* 20 C.F.R.

§ 416.926a(b)(1) (2002). In this case, the ALJ used the former board areas of development in effect at the time, and found that there were no deficits in cognition and communication, motor functioning or personal functioning, and less than marked deficits in social functioning and concentration, persistence or pace.

The standard of review of an ALJ's decision is deferential, and the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 535 (6th Cir.1981) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir.1984) (internal quotes and citations omitted). *See also Laskowski v. Apfel,* 100 F.Supp.2d 474, 482 (E.D.Mich.2000). If the Commissioner's determination is not supported by substantial evidence on the whole record, the administrative decision must be reversed and the case remanded for further action. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 242–43 (6th Cir.2002).

The Magistrate Judge found that there was substantial evidence supporting the ALJ's determination with respect to social functioning. According to the Regulations in effect at the time, social functioning in

children the plaintiff's age refers to the ability to initiate and develop friendships, relate appropriately to individual and groups of peers and adults, and to reconcile conflicts that arise between an individual and his or her peers and family members or other adults outside the family. 20 C.F.R. § 416.926a(c)(5)(v)(C)(2000). After even a cursory reading of the record, there can be little doubt that the minor plaintiff encountered great difficulty with these functions. The record is replete with evidence of extreme antisocial conduct justifying a conclusion that the plaintiff was "out of control" both at home and in a school setting, and even in more structured environments. However, the Magistrate Judge seemed to discount this evidence's effect of undermining the ALJ's conclusion that the plaintiff's social impairment was less than "marked," based on the Magistrate Judge's apparent conclusion that the plaintiff's conduct was volitional. The Court disagrees with that assessment.

The plaintiff was diagnosed with ADHD, oppositional defiant behavior disorder, and conduct disorder, all of which are "maladaptive behaviors" adverted to by the Regulations characterizing "maladaptive patterns of behavior" as including "hostility," "aggressiveness," and "unstable interpersonal relationships." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.08. Relying on the statement of Midland–Gladwin Community Mental Health Services therapist Jean Ramlow that she informed the minor plaintiff's father that "David has had ample chances to improve his behavior and to talk," and that until "David takes responsibility for his behavior and faces consequences that mean something to him things will not improve," Tr. at 127, the Magistrate Judge dismissed the evidence of extreme socially defiant behavior as something that David, himself, had to resolve. The Court believes that Ms. Ramlow's statement was misread. It is true

that David's modification of his own behavior would improve his circumstances, but it is improper, the Court believes, to draw an inference from this statement in the record that David had the ability to do so. This same therapist reported approximately eight months earlier that "David has clear problems with authority and does not appear to be able understand consequences and modify his behavior accordingly." Tr. at 120. The record indicates that David's behavior improved when he was taking Ritalin, but it is uncontested that the medication was discontinued because of the undesirable side effect of extreme weight loss.

According to the Secretary's regulations in effect at the time of the ALJ's decision, "marked" limitations for children between the ages of three and eighteen means "more than moderate and less than extreme" and may arise "when [the] impairment(s) limits only one activity or when the interactive and cumulative effects of [the] impairment(s) limit several activities." 20 C.F.R. § 416.926a(c)(3)(C) (2000). For such children, "extreme" limitations are those where there is "no meaningful functioning in a given area." 20 C.F.R. § 416.926a(c)(3)(ii)(C) (2000). The current regulation defines "marked" limitation as "more than moderate" and "less than extreme," and further provides that a person has " 'marked' limitation in a domain when [the] impairment(s) interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities. [There is 'marked' limitation] when [the] impairment(s) limit only one activity or when the interactive and cumulative effects of [the] impairment(s) limit several activities." 20 C.F.R. § 416.926a(e)(2)(i) (2002). "Extreme" limitation in a domain is defined as having an impairment that "interferes *very* seriously with [the claimant's] ability to independently initiate, sustain, or complete activi-

ties." 20 C.F.R. § 416.926a(e)(3)(i) (2002) (emphasis added). An "extreme limitation" "does not necessarily mean a total lack or loss of ability to function." *Ibid.*

 The record here indicates that David, Jr.'s behavior has been so extreme that he has been removed from normal school settings and confined to progressively more restrictive environments. The Court believes that the evidence establishes an "extreme" limitation in social functioning, and that the ALJ's conclusion otherwise is not supported by the record. That leaves the question whether further fact-finding is required, for "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994). In *Faucher*, the district court found that the Commissioner's decision was not supported by substantial evidence because the hypothetical question posed by the ALJ to a vocational expert did not incorporate all of the claimant's impairments. The district court also concluded that it was unable to remand for taking new and additional evidence because of the limitation contained in sentence six of 42 U.S.C. § 405(g), which conditions a remand on a showing of good cause. Rather, the district court remanded for an award of benefits. On appeal, the Court of Appeals agreed that sentence six of Section 405(g) requires the Secretary to establish good cause as a prerequisite to a remand. However, a post-judgment remand for further proceedings is authorized under sentence four of Section 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 97–98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

The Court of Appeals in *Faucher* agreed that the Commissioner's decision was not supported by substantial evidence, but concluded that a remand for benefits was inappropriate in that case. The Court reasoned that the record was incomplete because the correct hypothetical question was never posed to the vocational expert. The witness was never given an opportunity to respond to a question that incorporated not only plaintiff's physical impairments but also the severity of his emotional impairments, and the record contained conflicting evidence on the severity of plaintiff's emotional impairments. The Court observed that the district court had acknowledged that "it was not known whether plaintiff might be capable of performing a significant number of jobs in the national economy that would accommodate his combined limitations." *Faucher*, 17 F.3d at 176. The Court concluded, therefore, that "the case must be remanded to the ALJ for further consideration of this issue." *Id.*

In *Mowery v. Heckler*, 771 F.2d 966 (6th Cir.1985), the plaintiff sought Social Security disability insurance benefits, which were denied at the agency level, and he did not prevail in the district court. He suffered from hypertension, headaches and dizziness, and aches and pains. He was forced to stop work as a construction laborer because of pain. He had worked several years earlier as a night watchman. His I.Q. was below average. Psychological tests established that plaintiff was able to function only in construction and mining jobs, and an orthopedic examination showed that the plaintiff had limitation in movement which precluded that activity. The ALJ had denied benefits, concluding that plaintiff could perform light work, such as that of a night watchman, although there was evidence in the record that plaintiff had suffered a hearing loss and could only perform as a night watchman

when assisted by his son and daughter. The Court of Appeals reversed the district court and remanded the case to the agency for an award of benefits. The Court held:

> The court finds it unnecessary to remand the case to the Secretary for further evaluation. In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.

*Id.* at 973.

The Court does not believe that additional fact-finding is required and that the record is complete. Moreover, the record establishes functional equivalence since there is an "extreme" deficit in one of the broad areas of functioning. Because proof of disability is overwhelming, a remand for an award of benefits is appropriate in this case.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation is **REJECTED.**

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 16] is **GRANTED.**

It is further **ORDERED** that the defendant's motion to reverse and remand [dkt # 19] is **DENIED.** The findings of the Commissioner are **REVERSED,** and the matter is **REMANDED** for an award of benefits.