**Janet L. FAUCHER, Plaintiff–Appellee,**

**Ronald L. Faucher, Plaintiff,**

v.

**SECRETARY OF HEALTH
AND HUMAN SERVICES,
Defendant–Appellant.**

No. 92–2394.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 18, 1994.

Decided Feb. 23, 1994.

Frederick C. Bishop (argued & briefed), Barton, Benedetto & Bishop, Jackson, MI, for Plaintiffs.

Donna Morros Weinstein, Chief Counsel, Gary A. Sultz (argued & briefed), John L. Martin, Eric Emil Schnaufer, Dept. of Health and Human Services, Office of the Gen. Counsel, Region V, Chicago, IL, Francis L. Zebot, Asst. U.S. Atty., Office of the U.S. Atty., Detroit, MI, for defendant-appellant.

Before: KENNEDY and NELSON, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

The Secretary of Health and Human Services, defendant-appellant, appeals the decision of the district court granting plaintiff Ronald L. Faucher's [1] motion for summary judgment, reversing the decision of the Secretary that plaintiff is not disabled, and ordering an award of social security disability insurance benefits. For the following reasons, we affirm in part and reverse in part.

## I.

Plaintiff Faucher filed successive applications for social security disability insurance benefits, alleging disability due to knee and wrist problems, numbness in the fingers of his right hand, high blood pressure, high cholesterol, cancer surgery, and depression. On April 19, 1989, plaintiff filed his third application for social security disability benefits, which is the subject of this appeal. The application for benefits was denied initially and upon reconsideration. On August 9, 1990, a hearing was held before an Administrative Law Judge ("ALJ") and the ALJ issued a decision denying benefits. After the appeals council denied Faucher's request for review on April 24, 1991, this became the final decision of the Secretary.

The ALJ concluded that Faucher had the residual functional capacity ("RFC") to perform "at least light work with a sit/stand option," and that his disability was not compromised by either his emotional condition or his weight which was 273 pounds. A vocational expert identified 21,000 light jobs and 28,000 sedentary jobs that an individual with Faucher's RFC and vocational characteristics could perform. Based on this testimony, the ALJ found that Faucher, who was 29 years old and had completed one year of college, could perform a significant number of jobs in the national economy and was not disabled.

Faucher appealed this decision of the Secretary to the United States District Court for the Eastern District of Michigan pursuant to 42 U.S.C. § 405(g). The case was assigned to a magistrate judge who found that the ALJ had presented an inadequate hypothetical question to the vocational expert because the hypothetical question did not adequately incorporate Faucher's emotional impairments and obesity and the combined effect of his physical and emotional impairments had to be reconsidered. The magistrate judge concluded that because the hypothetical question had been inadequate, the vocational expert's response could not be used to satisfy the Secretary's burden of identifying a significant number of jobs in the national economy

---

1. The original plaintiff, Ronald L. Faucher, died on October 3, 1992, as a result of a pulmonary embolism. Janet L. Faucher has been substituted as plaintiff-appellee.

that Faucher could perform in order to conclude that he was not disabled.

Rather than remanding the case to the Secretary for further consideration, the magistrate decided that he was unable to remand under 42 U.S.C. § 405(g) because the remand would require the taking of new and additional evidence, and that pursuant to sentence six of section 405(g), a remand for additional evidence may be granted only if the failure to include the evidence in the prior administrative record was for good cause. The magistrate found that there was no good cause for the Secretary's failure to correctly assess the combined effect of plaintiff's physical and emotional impairments and to include adequate vocational evidence initially and therefore Faucher must be awarded benefits. The magistrate stated that if the Secretary could subsequently demonstrate that plaintiff is capable of a limited range of employment given his combined physical and emotional impairments and the award of benefits was thus erroneous, the Secretary could seek to terminate benefits under 42 U.S.C. § 423(f). The Secretary filed objections to the magistrate's report and recommendation, alleging that the magistrate had misunderstood the district court's remand authority under 42 U.S.C. § 405(g), sentence four. Without discussion, the district court adopted the magistrate's report and recommendation. Pursuant to Fed. R.App.P. 4(a)(5), the district court granted the Secretary's motion for an extension of time for filing a notice of appeal, which the Secretary filed on October 30, 1992.

## II.

We must first decide whether the district court erred in deciding that pursuant to 42 U.S.C. § 405(g), the case could not be remanded to the Secretary and plaintiff was entitled to an award of benefits because the ALJ had posed an inadequate hypothetical to the vocational expert, and, therefore, there was not sufficient evidence to support a denial of benefits.

The Secretary does not challenge the district court's conclusion that substantial evidence does not exist to support the ALJ's determination of non-disability, because when the ALJ concluded that plaintiff was not disabled as there were a significant number of jobs in the national economy which he could perform, the ALJ erred in relying on the vocational expert's response to an inadequate hypothetical, which did not adequately incorporate Faucher's emotional impairments and obesity. Thus, the government concedes that the Secretary's denial of disability benefits should be reversed because there is not substantial evidence to support this conclusion. The issue in the present case is what a district court should do once a determination is made that an ALJ erroneously applied the regulations and the Secretary's denial of benefits therefore must be reversed.

■ The Secretary contends that the district court erred in holding that under 42 U.S.C. § 405(g), the case could not be remanded to the Secretary for the taking of additional evidence (in this case, the additional evidence would be the testimony of a vocational expert in response to an adequate hypothetical question incorporating plaintiff's emotional impairments and obesity), because adequate vocational testimony could have been presented initially. The Secretary argues that the district court erred when it concluded that the present case could be remanded for consideration of additional vocational evidence "only upon a showing that the evidence is new and material, [and] that good cause exists for having failed to include the evidence in the administrative record initially." The Secretary argues that the district court erroneously treated the present case as if it were a sentence six remand case when, in fact, it involves a remand under sentence four of § 405(g). The Secretary argues that although the district court accurately described the criteria necessary for a remand under sentence six of § 405(g), and correctly recognized that those criteria were not satisfied in the present case, the court overlooked sentence four of § 405(g), which provides for remand after a final decision of the district court reversing a denial of benefits, and which does not require good cause for failing to present the evidence initially.

■ We agree. The fourth and sixth sentences of 42 U.S.C. § 405(g) delineate the

district court's authority to review a final decision of the Secretary. Sentence four states that the district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Sentence six of § 405(g) states:

[t]he court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

Section 405(g), thus, plainly authorizes two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand).

The Supreme Court has confirmed this distinction between a remand pursuant to sentence four of § 405(g) and a remand pursuant to sentence six of § 405(g). In *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Supreme Court stated that in a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, or reversing the decision of the Secretary, *Id.* at ——, 111 S.Ct. at 2163, and that the remand criterion of sentence six (that there be good cause for failing to present the evidence initially) was "not intended to limit a District Court's ability to order remands under sentence four," which occurs after a judgment affirming, modifying, or reversing a decision of the Secretary. *Id.* at —— – ——, 111 S.Ct. at 2164–65.

*Melkonyan* thus indicates that the present case does not involve a sentence-six remand situation because here the district court

ruled on the correctness of the ALJ's administrative decision and issued a final judgment reversing the Secretary's decision to deny benefits on the grounds that an inadequate hypothetical had been posed to the vocational expert by the ALJ. It is clear, on the other hand, that sentence four of § 405(g) contemplates the type of remand involved in the present case—a remand after a final decision by the district court reversing the denial of benefits by the Secretary in order to correct an error by the Secretary in applying the regulations even if the rehearing to correct the error requires the taking of additional evidence. *Sullivan v. Finkelstein*, 496 U.S. 617, 625–26, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990) (sentence four provides appropriate relief when evidence on record is insufficient to support the Secretary's conclusions and further factfinding is necessary). In the present case, the ALJ erred in failing to incorporate plaintiff's emotional impairments and obesity in the hypothetical question posed to the vocational expert. This error requires that the Secretary's denial of benefits be reversed and that the case be remanded to the Secretary for a rehearing on this issue.

Plaintiff attempts to distinguish the present case from *Melkonyan* and *Finkelstein*, arguing that neither case required the taking of new evidence under a sentence-four remand. This argument is to no avail as the recent Supreme Court opinion in *Shalala v. Schaefer*, —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) demonstrates. In *Schaefer*, the Supreme Court discussed another of its opinions, *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), stating that the remand order in *Hudson* clearly involved a sentence-four remand under § 405(g). *Schaefer*, —— U.S. at ——, 113 S.Ct. at 2630. The facts of *Hudson* are similar to those in the present case, and the remand ordered in *Hudson* pursuant to sentence four of § 405(g) required the taking of additional evidence. In *Hudson*, the ALJ had rendered a decision indicating that the plaintiff was not disabled because she was capable of performing work similar to her past work. The Court of Appeals for the Eleventh Circuit reversed the decision of the

Secretary and instructed the district court to remand the case to the Secretary for reconsideration. 490 U.S. at 880, 109 S.Ct. at 2252. The Court of Appeals found that the Secretary had failed to correctly consider the cumulative effect of plaintiff Hudson's physical and emotional impairments. *Id.* at 881, 109 S.Ct. at 2252. The Secretary's error in *Hudson* was thus similar to the error committed by the ALJ in the present case. Pursuant to the remand order in *Hudson,* the case was returned to the ALJ for further proceedings. The ALJ was instructed to provide the plaintiff with an opportunity to testify at a supplemental hearing and *"to adduce additional evidence." Id.* (emphasis added). It was indicated that the ALJ might wish to obtain the services of a medical adviser to evaluate the plaintiff's psychiatric impairment during the period at issue. Upon remand after considering the new evidence, the ALJ found that plaintiff Hudson was disabled and awarded benefits.

■ In *Hudson,* the Supreme Court approved this award of benefits, an award which occurred after a decision of the Secretary denying benefits had been reversed by the federal court of appeals and the district court had been instructed to remand the case to the Secretary for a rehearing that required the taking of additional evidence. In *Schaefer,* the Supreme Court explicitly stated that the remand order in *Hudson* was issued pursuant to sentence four of § 405(g). —— U.S. at ——, 113 S.Ct. at 2630. Thus, in the present case, plaintiff's argument that when additional evidence is required, a case may be remanded to the Secretary only pursuant to sentence six of § 405(g) and must meet the sentence-six remand criteria is clearly erroneous. The present case, like *Hudson,* involves a sentence-four remand, because here the district court made a final decision about the correctness of the prior administrative decision and reversed the decision of the Secretary that plaintiff was not disabled. Contrary to plaintiff's argument, the distinction between sentence-six and sentence-four remands is not that the former involves the taking of additional evidence and the latter does not. The distinction pertains to the cause of the remand. In a sentence-six remand, the court "does not rule in any way as

to the correctness of the administrative determination." *Melkonyan,* 501 U.S. at ——, 111 S.Ct. at 2163. "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.; See also Finkelstein,* 496 U.S. at 626, 110 S.Ct. at 2664. Thus, a remand pursuant to sentence six of § 405(g) is a pre-judgment remand. In contrast, a remand pursuant to sentence four of § 405(g) is a post-judgment remand; a case is remanded to the Secretary in conjunction with a final "judgment affirming, modifying, or reversing the Secretary's decision." *Melkonyan,* 501 U.S. at ——, 111 S.Ct. at 2164; *Finkelstein,* 496 U.S. at 625–26, 110 S.Ct. at 2664. As was the case in *Hudson,* the proceedings on remand may require a rehearing in which additional evidence is introduced. 490 U.S. at 881, 109 S.Ct. at 2252. To conclude, remands under both sentence four and sentence six of § 405(g) can involve the taking of additional evidence. Under sentence six, a district court, before making a final judgment, may order the Secretary to consider additional evidence because a party presents material evidence to the court that was not previously available. Under sentence four, the court makes a final judgment, affirming, reversing, or modifying the Secretary's decision and may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place.

In the present case, the Secretary misapplied the regulations by failing to pose to the ALJ a hypothetical question adequately incorporating plaintiff's emotional impairments and obesity. Similarly, in *Hudson,* the ALJ had initially failed to properly consider the combined effect of physical and emotional impairments. As *Hudson* demonstrates, when the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The case can be remanded

under sentence four of 42 U.S.C. § 405(g) for further consideration.

### III.

 Having decided that in the present case the district court erred in determining that it could not remand the case to the Secretary, we must next decide whether we should instruct the district court to remand the case to the Secretary for further consideration because there is no clear entitlement to benefits. The district court awarded benefits to plaintiff even though it conceded that it was not known whether plaintiff might be capable of performing a significant number of jobs in the national economy that would accommodate his combined limitations. The issue of the effect of plaintiff's combined impairments is unresolved because initially an inadequate hypothetical question, which failed to adequately incorporate plaintiff's emotional impairments and obesity, was posed to the vocational expert. If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *See Abbott v. Sullivan,* 905 F.2d 918, 927 (6th Cir.1990); *Varley v. Secretary of Health and Human Servs.,* 820 F.2d 777, 782 (6th Cir.1987); *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir.1985). In the present case, all essential factual issues have not been resolved and there is no clear entitlement to benefits on the record as it now stands. The district court erroneously awarded benefits despite its express recognition that plaintiff might not satisfy the statutory requirement for entitlement to benefits. A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking. *Mowery,* 771 F.2d at 973. On the contrary, in the present case, there is conflicting evidence in regard to the severity of plaintiff's emotional impairments. As the magistrate pointed out, Dr. Willie, plaintiff's treating psychiatrist, opined in 1988 that plaintiff was disabled from doing any work, but in 1989 stated that he might be a "suitable candidate for job training." Also in the reports of the Michigan disability determination service, Dr. Klass's diagnosis relies on DSM–III terminology (Appendix, pp. 450, 518), which is not explained (Appendix, pp. 445–49, 513–18). Moreover, the diagnosis on Axis IV changed from severe in August 1988 (Appendix, p. 450) to moderate in June 1989 (Appendix, p. 518). As the magistrate correctly pointed out, because the hypothetical question given to the vocational expert and relied on by the ALJ did not accurately describe plaintiff in regard to his emotional impairments and obesity, there is not substantial evidence for the denial of benefits. However, because there is conflicting evidence in regard to the severity of plaintiff's emotional impairments, the case must be remanded to the ALJ for further consideration of this issue. For these reasons, the district court's award of benefits must be reversed and the case must be remanded to the Secretary pursuant to sentence four of 42 U.S.C. § 405(g).

### IV.

To conclude, the district court is hereby affirmed in part and reversed in part. The district court's determination that the Secretary's denial of benefits should be reversed because it is not supported by substantial evidence was not appealed and is hereby AFFIRMED. However, instead of awarding benefits, the district court must remand the case to the Secretary for further consideration. Therefore, the portion of the district court's opinion awarding benefits is hereby REVERSED and the case is REMANDED to the district court with instructions to remand the case to the Secretary pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this opinion.