47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorene EPPERSON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Heath and Human Services,
Defendant-Appellee.
 No. 94-5008.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1995.
 
 Before: BROWN, RYAN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Epperson appeals from the district court's order to remand her case under sentence four of 42 U.S.C. Sec. 405(g). She asserts that there is adequate evidence in the record for the district court to award her benefits. We affirm the district court's remand of this case.
 
 
 2
 * Epperson worked as an assembler, sewing machine operator and inspector. She claimed disability due to rheumatoid arthritis. Epperson filed her benefits claim on April 18, 1990. Her request was denied on August 20, 1990, and her request for reconsideration was also denied. She filed a request for a hearing January 14, 1991.
 
 
 3
 An ALJ conducted Epperson's hearing on August 27, 1991, and found Epperson not disabled. This hearing revealed that Epperson had complained of stiffness and decreased range of motion since 1988. Her family doctor, Dr. Richard D. Clark, first treated her and then referred her to Dr. Frederick J. Wolfe, who diagnosed her with probable rheumatoid arthritis in June 1989. At that time, Epperson testified that she couldn't manipulate buttons or zippers, and had tried to help her husband farm a small plot of tobacco, but had to stop because "the pain was so bad." She had reported some improvement in May 1990 and again in August, but she said she was not able to work more than one hour without rest. Her consultative evaluation by a Department of Health and Human Services doctor in July 1990 noted that she had some limitation in the range of motion of her right wrist, but that her grip was adequate and she could move around the room without difficulty.
 
 
 4
 The ALJ next evaluated Epperson's case as required by statute. See 20 C.F.R. Sec. 404.1520; Lankford v. Sullivan, 942 F.2d 301, 305 (6th Cir. 1991). The ALJ first noted that she had not been engaged in substantial gainful employment since April 1, 1990. The ALJ then concluded that, although Epperson suffered from severe rheumatoid arthritis, her condition did not meet the criteria for a disabling musculoskeletal impairment in 20 C.F.R., Ch. III, Pt. 404, Subpt. P., App. 1, Rule 1.02. However, the ALJ failed to explain adequately why Epperson's arthritis did not meet this listed impairment. As the Magistrate Judge's Report and Recommendation noted, the ALJ should have compared each listed criteria to plaintiff's evidence, and that without this explanation it was not possible to determine whether substantial evidence supported the ALJ's determination.
 
 
 5
 The ALJ then assessed Epperson's residual functional capacity. He concluded that her complaints of debilitating pain were not supported by other evidence. The ALJ noted that Epperson had testified that her therapies improved her condition, and that she had also attempted to work in tobacco farming. The ALJ concluded that, before 1990, Epperson had the capacity to engage in light work, and that as of 1990 had the capacity to engage in sedentary work. 20 C.F.R. 416.945 (defining residual functional capacity). The ALJ concluded that she would not be able to perform her previous assembling and sewing jobs.
 
 
 6
 The ALJ considered a vocational expert's testimony that a hypothetical person in Epperson's position could work as an assembler, inspector or a hand packer, if limited to light exertional work and allowed to sit or stand. When the ALJ added to the hypothetical that the person could use her hands only for gross manipulation, the expert responded that this would limit those jobs to hand packaging. Over 15,000 of these jobs exist nationally, and 3,000 locally, according to the expert. Evaluating the evidence, the ALJ found that Epperson was not disabled, because other jobs that she can perform do exist in significant numbers in the national economy. 20 C.F.R. Sec. 416.920(f).
 
 
 7
 Epperson filed a request for a hearing decision review and submitted additional evidence to the Appeals Council on December 23, 1991. The Appeals Council found no basis under the Regulations to grant Epperson's request for review. Epperson appealed this final decision.
 
 
 8
 On appeal to the district court, the Secretary requested that the court remand this case under sentence four of 42 U.S.C. Sec. 405(g), so the Secretary could consider updated medical evidence.[1] Epperson opposed the remand, stating that under sentence six, the Secretary could only obtain a remand by showing good cause for not including the new evidence in a prior proceeding.[2] Epperson claimed that her arthritis met the requirements of Rule 1.02 and that she should be awarded benefits. The Magistrate Judge's Report and Recommendation adopted by the district court, however, found that under sentence four the court could remand because the ALJ's findings were not specific enough to allow the court to determine whether they were based on substantial evidence. The district court reversed the Secretary's decision and remanded Epperson's claim for further consideration.
 
 II
 
 9
 Epperson first argues that her condition meets the requirements of Rule 1.02 for a listed impairment, which makes her per se disabled. 20 C.F.R. Sec. 404.1520(d); Lankford v. Sullivan, 942 F.2d 301, 309 (6th Cir. 1991); Gambill v. Bowen, 823 F.2d 1009, 1011-12 (6th Cir. 1987). She argues that the ALJ erred by considering her residual functional capacity, and should have instead awarded her benefits.
 
 
 10
 Epperson claims this is a legal question and the court should award benefits without remanding to the Secretary. Lankford, 942 F.2d at 309. Epperson argues that no remand for further findings is necessary when the Secretary's decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. Cohen v. Secretary of H&HS, 964 F.2d 524, 532 (6th Cir. 1992); Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).
 
 
 11
 The district court's reversal of the Secretary's decision was correct, because the Secretary's decision did not adequately explain the Secretary's justification for refusing Epperson's disability application. The court could not have resolved Epperson's appeal, because the factual issues in this case are not fully developed as required by Faucher v. Secretary of H&HS, 17 F.3d 171 (6th Cir. 1994). Rather, some factual issues were not adequately addressed by the ALJ, and other conclusions may not have been supported adequately due to the age of the evidence the ALJ considered. Reversal and remand were thus proper.
 
 III
 
 12
 Epperson next argues that the district court erred by remanding the case, because the Secretary did not show good cause, as required in sentence six of Sec. 405(g). Epperson argues that sentence six controls over sentence four, because later, more specific provisions control earlier, more general provisions, citing Johnson v. Secretary of H&HS, 794 F.2d 1106, 1113 (6th Cir. 1986).
 
 
 13
 Epperson's argument does not reflect the law in this area. The Supreme Court confirmed the distinction between a sentence four remand and a sentence six remand in Melkonyan v. Sullivan, 501 U.S. 89, 111 S. Ct. 2157 (1991). In a sentence six remand, the court does not rule in any way on whether the Secretary's decision was correct. Instead, the court remands because the Secretary has shown good cause for not originally producing the additional evidence. Id. at 2163. In a sentence four remand, the court enters a judgment affirming, modifying or reversing the Secretary. Id. at 2164-65. As this court discussed in Faucher, when the district court rules on the merits of the claim, it may also remand under sentence four, and instruct the Secretary to take additional evidence to correct the Secretary's error. Faucher, 17 F.3d at 174. Epperson therefore incorrectly interprets Sec. 405(g).
 
 IV
 
 14
 Epperson argues lastly that the ALJ disregarded the conclusion of Dr. Wolfe, her treating physician, that Epperson could not lift ten pounds occasionally and could not sit for six hours. She argues that the ALJ instead relied on a consultative examiner's opinion that she was able to perform sedentary work. Epperson argues that a treating physician's opinion is entitled to controlling weight. 20 C.F.R. Sec. 416.927(d); Hurst v. Secretary of H&HS, 753 F.2d 517, 521 (6th Cir. 1985). Epperson also argues that the ALJ failed to give good reasons for disregarding Wolfe's opinions.
 
 
 15
 This issue is also properly resolved by remand to the Secretary. Epperson correctly notes that the regulations and this court's decisions provide that the Secretary give greater weight to a treating physician's opinions, especially if the physician has treated the claimant for a long time, than to the Secretary's examiner. In this case, the examiner is not a medical doctor. However, the examiner provided more recent evidence of Epperson's condition. In any case, the district court determined that more recent evidence of Epperson's condition will be required to resolve the factual issues in this case.
 
 V
 
 16
 The district court was well within its discretion to reverse and remand Epperson's case to the Secretary. Under Sec.405(g), sentence four, the district court does not need the Secretary's showing of good cause in order to remand. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Sec. 405(g) provides for judicial review of final decisions of the Secretary. Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."
 
 
 [2]
 Sentence six reads in part: "The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...."