**Tammy W. RUSSELL, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY Defendant–Appellee.**

No. 00–6675.

United States Court of Appeals, Sixth Circuit.

April 1, 2002.

Before MARTIN, Chief Circuit Judge; BOGGS, and DAUGHTREY, Circuit Judges.

PER CURIAM.

Tammy W. Russell appeals the district court's grant of summary judgment for the Commissioner of Social Security, affirming the Commissioner's denial of her applica-

tion for benefits under the Social Security Act. For the following reasons, we VACATE the district court's decision, and REMAND the case to the district court, with instructions to REMAND to the Commissioner for further proceedings consistent with this opinion.

## I.

Russell filed applications for disability insurance benefits and supplemental security income on September 9, 1992. Both applications were denied at the initial consideration level. Russell requested, and was granted, a hearing before an administrative law judge. On February 28, 1995, the administrative law judge determined that Russell was not disabled, and denied her applications.

Russell filed for review by the Appeals Commission on March 8, 1995. She did not hear back from the Social Security Administration for over two years. Finally, she found out that her file had been lost. Russell and the Commissioner reconstructed her file to the extent possible, but many exhibits relied upon by the administrative law judge remained missing. For example, he relied on missing exhibit 43 when discussing Russell's medications; missing exhibits 22, 30, 34, 36 and 37 in discounting Russell's credibility; and missing exhibit 28 when addressing the severity of her mental impairment. Russell nonetheless proceeded on appeal, rather than seeking remand to the administrative law judge for a rehearing to recreate the missing exhibits. Based on the reconstructed record, on July 16, 1999, the Appeals Council denied review of Russell's file, and the administrative law judge's decision became the final decision of the Commissioner. This was four years and four months after Russell had initially filed for appeal.

Then, Russell filed a complaint in the Eastern District of Tennessee on August 18. She asked the court to reverse the Commissioner's finding that she is not disabled, and to award her benefits. She also claimed that she was denied due process because of the extensive delay from the time she filed her initial application until the Commissioner entered a final decision.

The Commissioner filed an answer and transcript on December 2, noting that the transcript was incomplete because many of the exhibits had been lost. Russell filed for summary judgment, and the Commissioner also filed for summary judgment. The matter was referred to a magistrate judge who found the reconstructed record adequate to review the merits of the administrative law judge's decision. The magistrate judge concluded that substantial evidence supported the administrative law judge's decision that Russell is not disabled. On October 24, 2000, the district court adopted the magistrate judge's Report and Recommendation and granted the Commissioner's motion for summary judgment.

Russell timely appealed. The Commissioner then moved this court, under sentence four of 42 U.S.C. § 405(g), to remand the case back to him for another hearing to recreate Russell's file.

## II.

We have decided to grant the Commissioner's motion to remand. We regret that Russell's proceedings will be further prolonged, and we hope, in light of the fact that it has been more than seven years since Russell filed her initial application, that the hearing will be as expeditious as possible.

We remand for the following reasons. This court may review the Commissioner's

decision under 42 U.S.C. § 405(g). That section instructs the Commissioner to file, as part of his answer, "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Because the Commissioner has not filed such a transcript, but submitted a reconstructed file which lacks much of the evidence relied upon by the administrative law judge, it is appropriate for us to remand for a rehearing pursuant to sentence four of section 405(g). *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir.1994).

At the rehearing, the Commissioner should ascertain, not only Russell's present condition, but also Russell's condition at the time her insured status expired. The latter finding will inform the Commissioner as to whether there was any period of time in which Russell was entitled to benefits, and did not receive them.

### III.

For the foregoing reasons, we VACATE the district court's decision and REMAND to the district court with instructions to REMAND to the Commissioner for further proceedings consistent with this opinion.