**Peter D. YUCH, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

No. 02–10169–BC.

United States District Court,
E.D. Michigan,
Northern Division.

March 16, 2005.

Marc J. Sussman, Levine, Benjamin, Southfield, MI, for Plaintiff.

Robert W. Haviland, U.S. Attorney's Office, Flint, MI, for Defendant.

*OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, TO AFFIRM THE DECISION OF THE COMMISSIONER, AND REMANDING FOR FURTHER PROCEEDINGS*

LAWSON, District Judge.

The plaintiff filed the present action on June 12, 2002 seeking review of the Com-

missioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits or in the alternative remand for further proceedings. The defendant filed a motion for summary judgment requesting affirmance of the Commissioner's decision, to which the plaintiff perfunctorily responded. Magistrate Judge Binder filed a report and recommendation on May 30, 2003 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, the findings of the Commissioner be reversed, and the case remanded for an award of benefits. The Court extended the time for the defendant to file objections to the report and recommendation, the defendant filed timely objections, and this matter is now before the Court.

The Court has reviewed the file, the report and recommendation, and the defendant's objections and has made a *de novo* review of the administrative record in light of the parties' submissions. The defendant objects to the magistrate judge's conclusion on two grounds: she states that substantial evidence supports the decision of the Administrative Law Judge (ALJ) that the plaintiff is capable of performing work; and if reversed, the matter should be remanded not for an award of benefits but for further proceedings.

The plaintiff, Peter D. Yuch, presently fifty-four years old, applied for a period of disability and disability insurance benefits on January 19, 2000 when he was forty-nine years old. He had worked as a utility worker employed by Ford Motor Company for 27 years. A utility worker is called upon to perform a variety of jobs at the work site, which he must learn quickly, so he can fill in for absent co-workers. The plaintiff has a high school education. The record establishes that the plaintiff was diagnosed with a brain abscess and underwent brain surgery in 1989. He alleges that following surgery he began to suffer seizures periodically. He worked in spite of his condition for ten years. However, on March 29, 1999, which is the date the plaintiff last worked, he experienced a "grand mal" seizure, and his doctors refused to let him return to work. The plaintiff also suffers from persistent loss of sight, loss of hearing, frequent headaches, fatigue, memory problems, blurry vision in his right eye, and ringing in his ears. He claims that he loses his vision when he looks down, and he hears ringing constantly. He alleges that he senses the onset of a seizure when the loudness of the ringing increases, but if he lies down the feeling usually subsides. He also lies down when he experiences headaches and lightheadedness about three times per month, which may last for days. He suffers from neck pain associated with the headaches, has lost some of his long-term memory, and sometimes has difficulty selecting words when speaking.

The plaintiff's application for disability insurance benefits, in which he alleged that he was unable to work due to his seizures, was denied initially. On October 17, 2001, the plaintiff, then fifty years old, appeared before ALJ Alfred Burton who filed a decision on November 30, 2001 in which he found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since March 29, 1999 (step

one); the plaintiff suffered from the impairment of grand mal seizures status post brain surgery, which was "severe" within the meaning of the Social Security Act, but no other severe impairments (step two); the plaintiff's impairment did not meet or equal a listing in the regulations (step three); and the plaintiff could not perform his previous work, which was described as unskilled and requiring medium exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform work at all exertional levels, including heavy work, provided that he avoid climbing and working at unprotected heights or with heavy machinery. Relying on Section 204.00 of the Medical–Vocational Guidelines (the "grid rules") as a framework for decision-making, the ALJ also found that the plaintiff could perform a significant number of jobs in the national economy. Although a vocational expert testified at the hearing, the ALJ made no inquiry of him concerning the work that was available that satisfied the restrictions determined by the ALJ. Using only the grid rules, then, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. The plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on April 24, 2002.

The plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Services,* 46 F.3d 510, 512 (6th Cir.1994); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir.1990). Under 42 U.S.C. § 423(d)(1)(A) & (B), a person is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful activity which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Further, "[a] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

■ To determine disability, the Commissioner has prescribed the five-step process noted above and set forth in 20 C.F.R. § 404.1520. However, if the plaintiff has satisfied his burden through the first four steps of the analytical process, as here, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity. *Varley v. Sec'y of Health & Human Services,* 820 F.2d 777, 779 (6th Cir.1987). *See also Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980). "To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley,* 820 F.2d at 779 (internal quotes and citations omitted).

The defendant insists that it was appropriate to use the grid rules in this case to determine that the plaintiff was not disabled because the ALJ found that the plaintiff had no exertional impairments and therefore could perform work at all exertional levels. Therefore, the argument goes, the ALJ was justified in relying on Rule 204.00 in reaching a conclusion of "not disabled."

Rule 204.00 states:

Maximum sustained work capability limited to heavy work (or very heavy work) as a result of severe medically determinable impairment(s). The residual functional capacity to perform heavy work or very heavy work includes the functional

capability for work at the lesser functional levels as well, and represents substantial work capability for jobs in the national economy at all skill and physical demand levels. Individuals who retain the functional capacity to perform heavy work (or very heavy work) ordinarily will not have a severe impairment or will be able to do their past work—either of which would have already provided a basis for a decision of "not disabled". Environmental restrictions ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capability for heavy work (or very heavy work). Thus an impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education, and skill level of prior work experience may be considered adverse.

20 C.F.R. Pt. 404, Subpt. P, App. 2, § 204.00.

■ The plaintiff's restrictions against driving, climbing and heights, and working with machinery are generally characterized by the Commissioner as "environmental restrictions." As the Commissioner explained in Social Security Ruling (SSR) 85–15:

A person may have the physical and mental capacity to perform certain functions in certain places, but to do so may aggravate his or her impairment(s) or subject the individual or others to the risk of bodily injury. Surroundings which an individual may need to avoid because of impairment include those involving extremes of temperature, noise, and vibration; recognized hazards such as unprotected elevations and dangerous moving machinery; and fumes, dust, and poor ventilation.

SSR 85–15, 1985 WL 56857 at *8. However, the ALJ erred in resorting to Rule 204.00 in this case because there is no evidence in the record that the plaintiff could perform work at the heavy or very heavy exertional levels (his prior work was characterized by the vocational expert as medium exertion), and the environmental restrictions did in fact affect the range of work available to him in the national economy: he at least was unable to perform his former work, as the ALJ acknowledged. The environmental restriction was the primary reason for unemployment in his case. In addition, the Commissioner has given an example in SSR 85–15 of how she must deal with the effect of such restrictions in a case that mirror's the plaintiff's circumstances:

A person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exists at all exertional levels. Where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc. Where an individual can tolerate very little noise, dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants, and other potentially damaging conditions. *Where the environmental restriction falls between very little and excessive, resolution of the issue will generally require consultation of occupational reference materials or the services of a VS.*

SSR 85–15, 1985 WL 56857 at *8 (emphasis added). Moreover, the court of appeals has stated that "rote application of the grid is inappropriate" when a claimant suffers from not only an exertional impair-

ment, but also another limitation that diminishes his capacity to work. *Abbott*, 905 F.2d at 926.

In this case, the record contains no evidence of the extent of the restrictions on the range of work available to the plaintiff, who suffers from grand mal seizures. His functional impairments were characterized properly by the ALJ, but the effect of those functional limitations on his ability to engage in substantial gainful activity cannot be resolved without "the services of a [vocational specialist]." SSR 85–15, 1985 WL 56857 at *8. The magistrate judge was correct, therefore, in concluding that the Commissioner failed to meet her step-five burden and that substantial evidence did not support the conclusion that the plaintiff was not disabled.

That leaves the question whether further fact-finding is required, for "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Services*, 17 F.3d 171, 176 (6th Cir.1994). The magistrate judge concluded that an award of benefits was appropriate because the Commissioner failed to carry its burden of proof. The defendant insists that she should have another chance to make a presentation in the event that it is determined that reliance on Rule 204.00 was deemed erroneous.

The Court believes that the defendant is correct in this aspect of its argument. In *Faucher*, the district court found that the Commissioner's decision was not supported by substantial evidence because the hypothetical question posed by the ALJ to a vocational expert did not incorporate all of the claimant's impairments. The district court also concluded that it was un-

able to remand for taking new and additional evidence because of the limitation contained in sentence six of 42 U.S.C. § 405(g), which conditions a remand on a showing of good cause. Rather, the district court remanded for an award of benefits. On appeal, the court of appeals agreed that sentence six of Section 405(g) requires the Secretary to establish good cause as a prerequisite to a remand. However, a post-judgment remand for further proceedings is authorized under sentence four of Section 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 97–98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

The court of appeals in *Faucher* agreed that the Commissioner's decision was not supported by substantial evidence, but concluded that a remand for benefits was inappropriate in that case. The court reasoned that the record was incomplete because the correct hypothetical question was never posed to the vocational expert. The witness was never given an opportunity to respond to a question that incorporated not only plaintiff's physical impairments but also the severity of his emotional impairments, and the record contained conflicting evidence on the severity of plaintiff's emotional impairments. The court observed that the district court had acknowledged that "it was not known whether plaintiff might be capable of performing a significant number of jobs in the national economy that would accommodate his combined limitations." *Faucher*, 17 F.3d at 176. The court concluded, therefore, that "the case must be remanded to the ALJ for further consideration of this issue." *Ibid.*

In *Mowery v. Heckler*, 771 F.2d 966 (6th Cir.1985), the plaintiff sought Social Security disability insurance benefits, which were denied at the agency level, and he did not prevail in the district court. He suffered from hypertension, headaches and dizziness, and aches and pains. He was

forced to stop work as a construction laborer because of pain. He had worked several years earlier as a night watchman. His I.Q. was below-average. Psychological tests established that plaintiff was able to function only in construction and mining jobs, and an orthopedic examination showed that the plaintiff had limitation in movement which precluded that activity. The ALJ had denied benefits, concluding that plaintiff could perform light work, such as that of a night watchman, although there was evidence in the record that plaintiff had suffered a hearing loss and could only perform as a night watchman when assisted by his son and daughter. The court of appeals reversed the district court and remanded the case to the agency for an award of benefits. The court held:

> The court finds it unnecessary to remand the case to the Secretary for further evaluation. In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.

*Id.* at 973.

In this case, the evidence shows that the plaintiff suffered from grand mal seizures with the last one occurring on his disability onset date, March 29, 1999. However, the plaintiff's treating physician, Dr. Andrew Marcus, adjusted his anti-seizure medication and followed him for nearly two years thereafter. The record contains reports of six visits through February 2001 recounting the absence of further seizures, and the plaintiff testified that he did not have another seizure through the date of the administrative hearing on October 17, 2001. It is not clear, therefore, how or whether the plaintiff's impairment affects his ability to work. Although the record may support a finding of disability, the Court cannot conclude from the evidence that "proof of disability is overwhelming" or that "proof of disability is strong and evidence to the contrary is lacking." *Ibid.* Further fact finding is required, therefore, on the issue of the plaintiff's residual functional capacity to perform work at all exertional levels (especially in light of *all* his impairments, which include loss of sight, loss of hearing, frequent headaches, fatigue, lightheadedness, memory problems, blurry vision in his right eye, and ringing in his ears), and whether there are jobs in significant numbers in the national economy that the plaintiff can perform given his functional limitations.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. # 15] is **ADOPTED IN PART AND REJECTED** in part.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. # 10] is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. # 12] is **DENIED.** The findings of the Commissioner are **REVERSED,** and the matter is **REMANDED** to the Social Security Commission for further proceedings.