**Ronnie TIPPETT, Plaintiff,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.**

**Civil Case No. 6:12–cv–239–JMH.**

United States District Court,
E.D. Kentucky,
Southern Division,
at London.

June 5, 2013.

---

Johnnie L. Turner, Susan Turner Landis, Johnnie L. Turner, PSC, Harlan, KY, for Plaintiff.

John S. Osborn, III, U.S. Attorney's Office, Lexington, KY, for Defendant.

## ORDER

JOSEPH M. HOOD, Senior District Judge.

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits. [D.E. 10, 11]. It has come to this Court's attention that counsel for Plaintiff, Mr. Johnnie Turner,[1] has failed to abide by the Court's standard scheduling order, which requires motions to both 1) include a statement of the specific legal arguments at the beginning of the motion; and 2) give specific page citations to the administrative record to support the arguments. [D.E. 9 at 3–4].

Instead of following these instructions, counsel has persistently filed briefs in Social Security cases with nearly identical "Argument" sections. Each time, counsel makes the same broad, unsubstantiated arguments with absolutely no application to the claimant's particular situation or citations to the administrative record. *See, e.g., Fee v. Astrue,* No. 6:12–CV–96–JMH, 2012 WL 6725917 (E.D.Ky. Dec. 26, 2012), [D.E. 9]; *Howard v. Astrue,* No. 6:11–CV–327–DCR (E.D.Ky. Apr. 12, 2012), [D.E. 10]; *Shell v. Astrue,* 6:11–CV–298–GWU (E.D.Ky. Mar. 14, 2012), [D.E. 10]; *Saylor v. Astrue,* No. 6:11–CV–268–GWU (E.D.Ky. Jan. 25, 2012), [D.E. 10].[2]

---

1. The Court notes that Ms. Susan Landis, an attorney in Mr. office, represented Mr. Tippett as his hearing. Further, the United States in its brief references Ms. Landis as Mr. Tippett's counsel. However, because Mr. Turner is the signatory on the motion for summary judgment, the Court assumes that Mr. Turner is, in fact, Mr. Tippett's attorney.

2. For older cases with a slightly different argument section, but, nonetheless, the same

To make matters worse, counsel represented this particular claimant, Mr. Tippett, in his first appeal of the denial of his benefits in 2011, and submitted a brief on that appeal that only mildly differs from the brief submitted in this appeal. *See Tippett v. SSA,* No. 6:11–cv66–JBC (E.D.Ky. July 11, 2011) [D.E. 10].[3]

Specifically, in nearly all of these briefs, counsel argues that the ALJ did not consider all of the evidence when reaching a decision, stating the following, verbatim:

> [t]here are many factors in this case that reveal a decision that does not include all of the evidence submitted. Had all the evidence submitted been considered, the undersigned is confident a favorable decision would have been reached. It is imperative that one use all evidence available. This is necessary so that a reasonable mind can and does accept a decision. To accept the decision as one entered hereinabove would be contrary to the basic principles applied in *Richardson v. Perales.*

[D.E. 10 at 10]. Further, counsel often argues, albeit inarticulately, that the ALJ erred by concluding that there is available work in the economy for the claimant as follows:

> It is further the Claimant's position that since he has made his case, and unable to return to any relevant work, or any type of employment for that matter, that if the Commissioner has failed to properly prove there is work in the national economy which the Claimant can perform, that an award of benefits may, under certain circumstances be had.

*Faucher v. Secretary of Health and Human Services,* 17 F.3d 171 (6th Cir. 1994). One of the ways the Commissioner may meet his burden is through the use of medical vocational guidelines. It may often be required for the agency to consult a vocational specialist in such cases. *Damron v. Secretary of Health and Human Services,* 778 F.2d 279 (6th Cir.1985). Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays an individuals physical and mental impairments". *Varley v. Secretary of Health and Human Services,* 820 F.2d 777 (6th Cir.1987).

[D.E. 10 at 11]. Finally, counsel always puts forth the argument that the ALJ improperly discounted Plaintiff's credibility by stating the following:

> The Claimant would argue that the Administrative Law Judge did not properly evaluate his complaints of pain. As this Court is well aware, complaints of pain are to be evaluated under the standards set out in *Duncan v. Secretary of Health and Human Services,* 801 F.2d 847, 853 (6th Cir.1986). According to this case, there must be evidence of an underlying medical condition and (1) objective medical evidence to confirm the severity of the alleged pain arising from the condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. It is clear from the medical evidence submitted

---

argument section in each brief, *see Anglian v. SSA,* No. 6:10–CV–117–GWU (E.D.Ky. Sept. 22, 2010), [D.E. 12]; *Stewart v. SSA,* No. 6:10–CV–37–GWU (E.D.Ky. July 9, 2010), [D.E. 12].

**3.** Additionally, the Court notes that Ms. Landis, an attorney in Mr. Turner's office, has

also filed briefs with a "stock" argument section on more than one occasion in this Court. *See Gross v. SSA,* No. 6:07–CV–425–DCR (E.D.Ky. Apr. 15, 2009), [ D.E. 21]; *England v. SSA,* No. 6:08–cv–90–GWU (E.D.Ky. July 25, 2008), [D.E. 10]; *Baker v. SSA,* No. 6:07–cv–318–JBC (E.D.Ky. Jan. 24, 2008), [D.E. 10].

shows the Claimant's severity of pain is substantiated. In addition, the objective medical evidence submitted is clearly consistent with the Claimant's claim of disabling pain.

[D.E. 10 at 11–12]. In each case, counsel fails to take the analysis any further than the above-excerpted paragraphs, which really only outline basic legal rules for Social Security cases.

■ It is one thing to raise similar arguments in multiple briefs and use the same legal analysis to do so, a practice which is common in this profession, particularly so in the computer age where "cutting and pasting" occurs. However, it is quite another matter to file the same brief in numerous cases that is completely devoid of any application of the law to the claimant's factual situation. As this Court reminded counsel in *Fee v. Astrue,* No. 6:12–cv–96–JMH, 2012 WL 6725917 (E.D.Ky. Dec. 26, 2012), this Court is not required to "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine ... whether it might contain evidence that arguably is inconsistent with the Commissioner's decision." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.,* 447 F.3d 477, 491 (6th Cir.2006). This is counsel's job. Counsel's persistent failure to complete this job in a satisfactory manner makes the Court question whether he is conducting himself in compliance with the standards of the bar of this Court and those of the Commonwealth of Kentucky.

■ However, because the Court does not wish to punish the claimant in this case simply because his attorney has failed to comply with the standard scheduling order on multiple occasions, his summary judgment motion will, for the meantime, be denied without prejudice. Counsel has until June 15, 2013, to re-file a summary judgment motion in this case

on behalf of his client that articulates specific legal arguments with citations to the administrative record explaining why the ALJ's decision is not supported by substantial evidence. The United States need not file a response to Plaintiff's new summary judgment motion unless the Court further directs it to do so.

■ Pursuant to Local Rule 83.3, the Court has the authority to discipline an attorney if he engages in conduct that is "unbecoming" of an "officer of the Court." Accordingly, failure to file a new summary judgment motion on behalf of Mr. Tippett and/or continuing to file the same perfunctory brief in future cases in this Court will result in a show cause order being issued ordering counsel to show cause why he should not be disciplined. Ultimately, if counsel persists in failing to comply with this Court's orders, counsel may face removal from the bar of this Court. Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff and Defendant's summary judgment motions [D.E. 10, 11] are **DENIED WITHOUT PREJUDICE;**

(2) Counsel for Plaintiff shall **RE–FILE** a brief in compliance with this Court's standing scheduling order by **JUNE 15, 2013.** The Clerk shall submit this matter to the Court for further review upon such filing or upon the expiration of the stated time. Failure to do re-file may result in removal from the bar of this Court.