**Jessica L. WISER, Plaintiff–Appellant,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 15–3358.

United States Court of Appeals, Sixth Circuit.

Oct. 5, 2015.

Before: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

RALPH B. GUY, JR., Circuit Judge.

Jessica Wiser brought this action for review of the final agency decision denying her application for Supplemental Security Income (SSI) disability benefits. *See* 42

U.S.C. §§ 405(g) and 1383(c)(3). Finding that the "treating physician rule" had not been properly applied, the district court reversed the Commissioner's finding of non-disability and ordered that the case be remanded for further review under sentence four of § 405(g). Wiser argues on appeal that the case should have been remanded for an immediate award of benefits instead. Because we agree that remand for an immediate award of benefits was not appropriate in this case, the district court's judgment is **AFFIRMED**.

## I.

Wiser applied for SSI benefits in January 2010, at age 21, alleging disability due to bipolar disorder, attention deficit hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD) and oppositional defiant disorder (ODD) with an onset date of September 30, 2006. Her application was denied initially, on reconsideration, and following a hearing before an administrative law judge (ALJ). The ALJ employed the familiar five-step sequential evaluation process required by 20 C.F.R. § 416.920(a), and concluded that Wiser was not disabled at the time of her application. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543 (6th Cir.2004) (discussing five steps). Under the five-step process, the inquiry ends if the claimant is found disabled, or not disabled, at any step. *Id.* The claimant bears the burden of proof through step four, and the burden shifts to the Commissioner at step five. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir.2003).

The ALJ found that Wiser had not engaged in substantial gainful activity since the date of application (step one), and that Wiser had severe impairments consisting of asthma, bipolar disorder, ADHD, and PTSD (step two).[1] Weighing the medical source evidence and testimony from Wiser and her mother, the ALJ concluded that her mental impairments, considered singly and in combination, did not meet or medically equal a listed impairment—including either Listing 12.04 (Affective Disorders) or Listing 12.06 (Anxiety Related Disorders) (step three). *See* 20 C.F.R., pt. 404, subpt. P, app. 1, 12.04 and 12.06 (Listing of Impairments); 20 C.F.R. §§ 416.925 and 416.926. In reaching that conclusion, the ALJ gave "little weight" to the opinion of Wiser's treating psychiatrist Katherine Hott, M.D., because "the record does not support it." (Page ID # 48.) The ALJ also discounted the opinion of examining psychologist Dr. Mary Ann Jones, while giving more weight to the opinions of the state agency's non-examining psychologists Drs. Karla Voyten and Frank Orosz.

Assessing her residual functional capacity (RFC), the ALJ found that Wiser had the ability to perform medium work (with some limitations due to asthma) as long as the work was low stress; did not require tasks of more than one to three steps; involved only occasional decisionmaking, changes in work setting, or coworker interaction; and required no fast-paced production work or public interaction. (Page ID # 45.) Absent any prior relevant work, the ALJ relied on the vocational expert's testimony to conclude that, considering her RFC, age, education and work experience, Wiser was able to perform unskilled work that existed in significant numbers in the national economy (*i.e.*, hand packaging, machine packer, and warehouse worker) (steps four and five). The ALJ's determination that Wiser was not disabled within the meaning of the Social Security Act

---

1. The ALJ found that the alleged ODD was not a medically determinable impairment since no treating or examining source diagnosed Wiser as having the disorder. (Page ID # 43.) Wiser has not challenged that determination.

became the final decision of the Commissioner when the Appeals Council denied Wiser's request for review. This action followed.

The report and recommendation issued by the magistrate judge examined Wiser's claims of error and concluded that reversal of the non-disability finding was required because the ALJ failed to follow the "treating physician rule" in assessing the opinions of Dr. Holt. *See* 20 C.F.R. § 416.927(c)(2). (Page ID # 521.) Reviewing the ALJ's reasoning, the magistrate judge concluded that substantial evidence did not support the finding that the requirements of Listing 12.04 had not been met and that remand for an immediate award of benefits was warranted. (Page ID # 524.) The Commissioner objected to the report and recommendation, and Wiser responded.

The district court reviewed the record *de novo,* entered an order overruling in part but sustaining in part the Commissioner's objections, and vacated the ALJ's finding of non-disability because, as the magistrate judge determined, "the ALJ did not apply the correct legal criteria." (Page ID # 541.) However, the district court concluded that remand for an immediate award of benefits was not appropriate because essential factual issues concerning the severity of Wiser's impairments had not been resolved. (Page ID # 541–42.) Judgment was entered accordingly, and Wiser filed this timely appeal.

## II.

The Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act, 42 U.S.C. § 405(h), and judicial review is limited to "whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 512 (6th Cir.2010) (quoting *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). A reviewing court will affirm a decision that is based on substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir.2009) (citation omitted). The district court's conclusions on these issues are reviewed *de novo. Id.*

█ There is no question, as the Commissioner apparently now concedes, that reversal is required because the ALJ failed to comply with the "treating physician rule" in determining the weight to be given to the opinions of Dr. Hott. The regulations require an ALJ to give a treating source's opinion concerning the nature and severity of a claimant's impairments "controlling weight" if it "[1] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [2] is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2); *see also* 20 C.F.R. § 404.1527(c)(2). And, if a treating source's medical opinion is not given controlling weight, the ALJ must still determine the weight that it should be given based on a number of factors, including, the length, frequency, nature, and extent of the treatment relationship, *id.* at § 416.927(c)(2)(i)-(ii), as well as the "area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir.2013) (citing 20 C.F.R. § 404.1527(c)(2)-(6)); *see* 20 C.F.R. § 416.927(c)(2)-(6).[2]

Importantly, the regulations also require an ALJ to provide "good reasons" for the weight given to a treating source's

---

2. The regulations clarify that opinions on issues that are reserved for the Commissioner,

opinion. *Id.* (citing 20 C.F.R. § 404.1527(c)(2)); *see* 20 C.F.R. § 416.927(c)(2). "This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" *Id.* (quoting *Wilson*, 378 F.3d at 544). An ALJ's failure to comply with this requirement "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243; *see also Blakley*, 581 F.3d at 407. As a result, this court will not hesitate to reverse and remand when an ALJ fails to provide good reasons for the weight given to a treating source's opinion "unless the error is a harmless *de minimis* procedural violation." *Blakley*, 581 F.3d at 409 (citing *Wilson*, 378 F.3d at 547). The Commissioner does not argue that the error should be deemed harmless in this case, and we find that it is not. *See Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir.2011) (discussing harmless error).

This court has held that remand for an immediate award of benefits may be made under sentence four of § 405(g) "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.* (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir.1985)). This court reversed the award of benefits in *Faucher*, explaining that there was conflicting evidence regarding the severity of

the plaintiff's emotional impairments and "no clear entitlement to benefits on the record." *Id.*

■ Wiser contends that remand for an award of benefits was warranted because her mental impairments were severe enough to meet Listing 12.04, which applies to affective disorders "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.04. The required level of severity for such disorders is met either when the requirements of both paragraph A and B are satisfied, or when the requirements of paragraph C are satisfied. *Id.*[3]

Asserting that her entitlement to benefits has been established, Wiser misstates the district court's decision as having adopted or affirmed the magistrate judge's conclusion that both the paragraph B and C criteria were satisfied. In fact, the district court vacated the ALJ's finding of non-disability but did not conclude, explicitly or implicitly, that Wiser had demonstrated a listing-level impairment that would establish a clear entitlement to benefits. Any doubt in that regard is dispelled by the district court's explanation that: "While there is evidence in the record that Wiser may be disabled, there is also evidence that Wiser may not be disabled." (Page ID # 541.) Our review of the record confirms that there is strong evidence of disability, but that the evidence is not overwhelming and evidence to the contrary is not lacking.

To meet the criteria of paragraph B of 12.04, Wiser must show that her affective disorder resulted in at least two of the following: 1) marked restriction of activi-

---

such as whether a claimant's impairments meet or equal a Listed Impairment, may be considered but are not entitled to be given controlling weight or special significance. *See* 20 C.F.R. § 416.927(d).

3. There was evidence that the requirements of paragraph A were met, but neither the ALJ nor the magistrate judge addressed them directly. We do not do so here either.

ties of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; or 4) repeated episodes of decompensation, "each of extended duration." *Id.* § 12.04B. The record did not show evidence of episodes of decompensation of the required number and duration. *Id.* at § 12.00C(4) (*i.e.,* three episodes in one year, each lasting for at least two weeks). As a result, the ALJ's decision rested on the finding that Wiser had "moderate" as opposed to "marked" restrictions in the activities of daily living, social functioning, and concentration, persistence, or pace. "Marked" means more than "moderate," but less than "extreme." *Id.* at § 12.00C.

Alternatively, the paragraph C criteria required that Wiser demonstrate a chronic affective disorder of at least two years' duration that caused more than minimal limitation in the ability to perform basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following: 1) repeated episodes of decompensation, "each of extended duration"; 2) a residual disease process that resulted in "such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate"; or 3) current history of one or more years' "inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement." *Id.* at § 12.04C. The ALJ found that none of these criteria were met, while the magistrate judge concluded that Wiser was unable to function outside a highly supportive living arrangement.

Dr. Hott opined that Wiser had marked restrictions in the activities of daily living, social functioning, and concentration, persistence, or pace. But, the assessment by Dr. Jones described Wiser as having mod-

erate impairment in several relevant areas of functioning, including: moderate to marked ability to relate to others; moderate impairment of her ability to understand, remember and follow directions; moderate impairment of her ability to maintain attention, concentration or pace with simple tasks; and moderate impairment to her ability to withstand the pressures of day-to-day work activities. There was also conflicting evidence about the severity of her impairments and the level of support she required in the testimony about her daily routines, need for reminders in tending to her personal needs, use of public transportation, limited success taking courses at community college, and ability to sustain work as a volunteer over several years and during a six-hour weekly shift at Goodwill. While proper evaluation of the treating source opinions and evidence may result in a finding of disability, remand directing an award of benefits was not warranted. Accordingly, the district court's judgment vacating the ALJ's finding of non-disability and remanding for further consideration is **AFFIRMED.**